And Mr. Olsen, you are reserved one minute for rebuttals, is that correct? Yes, ma'am. We are ready when you are, sir. May it please the Court, I am Ray Olsen, the appellant. My core point is that race judicata cannot apply subsequently when the prior rendering court itself expressly reserved my right to bring a separate action. And that is exactly what Judge Engelmeyer did. The reservation is explicit, unequivocal, and repeatedly acknowledged in the record. The order under appeal from Judge Godefrey quotes Judge Engelmeyer's reservation three separate times at pages 6, 13, and 23 in my brief, stating that in denying Joinder, quote, because he is entitled to bring his own action against Sherry. That's in the appendix at page 41. So maybe you can help me, sir. I agree that Judge Engelmeyer said that. But what is the difference between, in your mind, between bringing your own claims in a separate action as opposed to bringing Mr. Delafuente's claims again? Well, I had a legal partial assignment. So Mr. Delafuente and myself were totally separate entities. This was not an equitable assignment. It was a legal assignment. Mr. Delafuente was free to make his arguments before Judge Engelmeyer. I attempted Joinder, and Judge Engelmeyer said, no, but you can bring your own case. And the restatement of judgments that I've cited to 26.1b said that that ends the res judicata inquiry. I think the reservation must be read liberally in light of my pro se status. Maybe you can help me with a scenario. If Mr. Delafuente had assigned his claims to five people before his own lawsuit, would you say that all five of them could come bring the exact same claims after Mr. Delafuente lost? Your Honor, I haven't thought about that. I've only thought about myself. There was one partial assignment that the appellee was well aware of in advance of the case. They could have sought Joinder. They didn't. I sought Joinder. They didn't support me. And Judge Engelmeyer said, you're free to bring your own case. Now, even if the Court were to reach the issue of privity, the record forecloses it. Taylor Sturgill, a Supreme Court case, said alignment of interest is not privity. I was in alignment with Mr. Delafuente. However, that has never been the law. All partial assignments of legal interest are routine. They don't collapse the assignee into the assinore for preclusion purposes. If that were to be true, every partial legal assignee would have nothing because he would be subject to whatever his assinore did subsequently. Therefore, I respectfully ask for reversal and remand. I'd also point out that appellee filed less than 24 hours ago a late 20HA letter, which I haven't had the opportunity to study and respond. I would ask for leave to make a response to that late response. What we haven't accepted is the Court decides whether or not a 28J letter is appropriately meets the standard. So just know that we are the ones determining whether or not a 28J letter was appropriate. Okay. But I haven't had it. If you should find it appropriate, the appellee's letter, I would like a chance to respond to it. Obviously, if you don't find it appropriate, there's no need. Well, their letter is responding to your letter, right, if I recall correctly? Yeah. Okay. You can imagine that we could end up in a perpetual spiral of letters if we allowed all of that. So the panel will be able to let you know whether we need additional information from you. Oh, that's fine. If you need it, I'd be happy to provide it. Thank you for your attention. You have one minute on rebuttal. May it please the Court? I'm Peter Shapiro for the appellees. In general, I'm prepared for the rest of my papers. I did want to just briefly address the reservation issue that was raised only in Mr. Wilson's letter and is not — those words are not used in any of his briefs. The law, I submit, is clear that a court can issue a decision which reserves the right to pursue certain claims in a subsequent action. That is not what happened here. What happened here is that Judge Engelmeyer said Mr. Wilson can bring his own action, not specifically singling out any particular claims. But that does not connote — first of all, that was in connection with the Rule 19 inquiry about whether he was required to be involved in that case, which he was properly determined not to be. So what claim could he have brought? Well, I submit he couldn't bring any claim. All he could do was file an action. What could Judge Engelmeyer have been referring to? What he was referring to is the fact that he gets his day in court, but that doesn't mean that when he has his day in court that the defendant can't assert all available defenses, including res judicata. Judge Engelmeyer wasn't thinking about how exactly res judicata would play out here. He wasn't asked to address that. He was only asked to address the Rule 19 issue. But you're not prepared to identify any claim that Mr. Wilson could have brought? I don't believe there is any claim. I think his rights entirely derive from Mr. De La Fuente's claims. So Judge Engelmeyer was mistaken on that point? Is that your position? No, not at all. He made the right decision under Rule 19. On that part of it, but insofar as he said Mr. Olson could bring his own claim, are you saying he was mistaken in thinking that there was any claim he could bring? I don't think he thought in detail about what would happen to that claim. He really said the issue of whether he has a claim is not before me. The issue that's before me is Rule 19. Does he have to be in this case? The answer is no. He wouldn't issue an advisory opinion about whether Mr. Olson could in the future bring a claim and whether that claim would be precluded by res judicata. Can you tell me what happened to the $100,000 deposit? It was taken by the sherry. That's what it was provided for in the contract. Mr. De La Fuente agreed to that, and because his application wasn't approved, he forfeited that money. Is that typical, that when a condo board rejects an applicant, they keep? I don't think that's the typical contract, but I think this was a very unusual situation. There was a contract that was getting into the weeds. I think much of this may not even be in the record. There was a contract with another person. Mr. De La Fuente suddenly appeared in the bankruptcy court and said, I've got a better deal. They entered into a contract with him. They were very wary about the whole situation, and they said this may not work out, so you're going to forfeit your deposit if this winds up not being approved, not knowing at that time anything about him and whether there was a possibility that he'd be approved or not. And as a result, when he wasn't approved, he forfeited that money. In any event, I believe that all of that has been fully vetted in the proceeding before Judge Endelmeyer, which was affirmed by this Court, and it's beyond this Court's ability to revisit those issues at this time on behalf of an assignee who has no rights beyond those of his assignor, and those rights have been fully extinguished. Unless there are any further questions, I rest. Thank you. So, Mr. Olson, you have one minute. Your Honor, the question about the district court, Mr. De La Fuente was a high bidder at a bankruptcy auction. When it was discovered that he was Latin American, he was rejected. In the sherry, there's not a single black person, single Latin American person, or Asian person who's ever been allowed to purchase in the sherry. This is a discrimination case. But when Judge Endelmeyer told me that I'm free to bring my own action, I didn't believe that was hollow or I never would have brought my own action. I spent a lot of time in the district court and in this court with a sincere belief that I was entitled to bring my own action. And I think elemental justice and respect for judicial integrity says that if a litigant is told he can bring his own action, he has a right to rely upon that. They did not take any exception. What would you have done if Judge Endelmeyer hadn't said that? I mean, I'm trying to figure out how you're harmed by Judge Endelmeyer having said that. Well, if he had not said it, I would have taken an appeal of the ---- You were listed on the appeal, weren't you, in the prior case? No. You are. You're listed on the appeal. In the appeal of Mr. De La Fuente? Yes. Oh, okay. I was not aware of that. But the reason why I didn't participate in the appeal was I had the right to bring my own case and I felt that Mr. De La Fuente had not made proper arguments. I didn't control that case. He had three attorneys on it. So I thought I'd have a weak appeal but a strong case on my own. That's why I brought my own case. I think I had a choice to do that after I was told that I could bring my own case. Okay. Thank you, sir. Thank you. We appreciate it. We will keep this case under advisement. Thank you, Your Honor.